UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA ROBINETTE, | ) | CASE NO. 5:17cv2665 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CSL PLASMA, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Brenda Robinette ("Robinette") has filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. No. 2 ["Mot."].) For the reasons that follow, the motion is denied.

The Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)); *Levet v. Comm'r of Soc. Sec.*, No, 1:14-CV-01378, 2014 WL 3508893, at * 1 (N.D. Ohio July 15, 2014). "[T]he question is whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. It is within the Court's discretion to allow a

litigant to proceed IFP. *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006).

In determining eligibility to proceed IFP, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess. *Id*. Robinette's IFP application shows that she is employed and earns $2,000.00 to $2,500.00 per month, for a total annual income of $24,000.00 to $30,000.00.[1] (Mot. at 23.[2]) Robinette reports that she supports one son (age 18). (*Id*. at 25.) She also reports monthly expenses in the amount of $1,956.00, which include $318.00 per month in car insurance and $173.00 per month in car payments, but she does not list a motor vehicle as an asset. (*Id*. 25-26.) Based upon the figures Robinette provided, her monthly salary exceeds her expenses. Thus, it does not appear that the cost of filing would be an undue hardship. Rather, this is a case where a plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted sub nom. Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012).

---

[1] Plaintiff's gross yearly income based upon the figures she provided places her family above the 2018 Poverty Guidelines for a family of two people, which is $16,460.00, and $20,780.00 for a family of three. *See https://aspe.hhs.gov/poverty-guidelines.* Although not the required standard for determining eligibility for IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is likely unable to pay the filing fee.

[2] All page number references are to the page identification numbers generated by the Court's electronic filing system.

In light of the above, the Court concludes that Robinette is not eligible to proceed IFP and her motion is denied. Robinette shall have until May 4, 2018 to pay the filing fee of $400.00. The Clerk's Office shall not accept any other filings unless the filing fee is paid in full. If Robinette does not pay the full filing fee by May 4, 2018, this case shall be dismissed.

**IT IS SO ORDERED**.


Dated: March 29, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**